UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RODERICK DEWALT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-46-JCH |
| | ) | |
| PATRICK BRAUNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Roderick Dewalt, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $188.90. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement showing an average monthly deposit of $83.08, and an average monthly balance of $944.52. The Court will therefore assess an initial partial filing fee of $188.90, which is twenty percent of his average monthly balance.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation.").

*Pro se* complaints must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that if the essence of an allegation is discernible, the court should construe the complaint in a way that permits the plaintiff's claim to be construed within the proper legal

framework. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Additionally, giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against 17 defendants: Patrick Brauner, Officer Unknown Batiste, Officer Unknown Cain, Officer Unknown Evans, Frederick Knapp, John Does 1, 2, 3, 4, 5, 6 and 7, Adam Randazzo, Officer Unknown Eckhoff, Diana Larkin, Marah Nickelson, and Cindy Griffith.

Plaintiff sets forth a myriad of unrelated claims against the defendants, including excessive force, claims involving the prison grievance procedure, and denial of medical care. The events giving rise to plaintiff's claims occurred at different prison facilities from December of 2016 through, apparently, the date plaintiff filed the complaint.

**Discussion**

Plaintiff presents a case involving multiple unrelated claims against not one but 17 defendants. This is an impermissible pleading practice. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any

question of law or fact common to all defendants will arise in the action.

A plaintiff may, however, bring multiple claims against a single defendant. Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

The complaint also violates Rule 8 of the Federal Rules of Civil Procedure because it is unnecessarily long, and it contains a great deal of extraneous information. Finally, the complaint is often illegible.

Because plaintiff is proceeding *pro se*, the Court will give him the opportunity to file an amended complaint. Plaintiff is warned that the amended complaint will replace the original. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and he must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff should type, or very neatly print, the amended complaint.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wants to sue. Plaintiff should also clearly indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[1] Plaintiff should avoid naming anyone as a defendant unless that person is

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

directly related to his claim. If plaintiff names a fictitious, or "Doe" defendant, he must allege sufficient facts to permit that person's identification following reasonable discovery. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $188.90 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this \_\_\_19th\_\_\_ day of February, 2019.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE