# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| RODERICK DEWALT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-46-JCH |
| | ) | |
| PATRICK BRAUNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff Roderick Dewalt's amended complaint. For the reasons explained below, plaintiff will be given the opportunity to file a second amended complaint.

## Background

Plaintiff is a prisoner who is proceeding pro se and in forma pauperis. At present, he is incarcerated at the Jefferson City Correctional Center ("JCCC"). He initiated this action on January 11, 2019 by filing a complaint pursuant to 42 U.S.C. § 1983 against 17 defendants. The events giving rise to plaintiff's claims occurred at different prison facilities from December of 2016 through, apparently, the date plaintiff filed the complaint. The complaint was unnecessarily long and contained a great deal of extraneous information, and it was often illegible. Plaintiff set forth a myriad of unrelated claims against the defendants, including excessive force, claims involving his use of the prison grievance procedure, and denial of medical care. Plaintiff also alleged that the defendants engaged in various misconduct towards other inmates, and he often set forth claims in a conclusory manner and failed to allege facts

showing how the named defendants were directly involved in or personally responsible for specific violations of his rights.

Upon initial review, the Court determined that the complaint was defective and subject to dismissal, and gave plaintiff the opportunity to file an amended complaint. Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2).

**The Amended Complaint**

Unfortunately, plaintiff prepared the amended complaint in much the same manner as the original. He again names 17 defendants (albeit not exactly the same 17 defendants as in the original) and he alleges they committed various forms of misconduct at two different prisons from December of 2016 through the date of the amended complaint. Condensed and summarized, plaintiff alleges as follows.

On December 27, 2016 at Potosi Correctional Center ("PCC"), defendant Randazzo used pepper spray on plaintiff, then turned off his cell's water and ventilation. Randazzo was also part of what was apparently a cell extraction team that included numerous "Doe" defendants. Plaintiff states that the Doe defendants used excessive force against him, including breaking one of his fingers, and that Randazzo failed to intervene.

In January of 2017, plaintiff used the prison grievance procedure. On January 28, 2017 under Eckhoff's supervision, defendants Brauner and Batiste beat plaintiff. "One of the defendants" grabbed his genitals, which plaintiff characterizes as a sexual assault. Plaintiff states that while this happened, Eckhoff remained outside the cell and did not intervene. Plaintiff also alleges that Brauner and Batiste repeatedly used excessive force against other inmates.

In February of 2017, plaintiff requested grievance forms from Nickelson, and wrote letters to Griffith and Crews. On March 21, 2017, Brauner, Evans, Cain and Knapp threatened

2

plaintiff, then entered his cell and beat him. He writes: "Plaintiff was denied any medical treatment," and he states that Brauner, Cain and Knapp have repeatedly used excessive force against other inmates. Plaintiff states he filed a grievance "In March of 2007."[1] He also requested grievance forms, and wrote to Griffith. He states that "John Doe Superintendent 6" has been placed on notice of Brauner, Cain and Knapp's conduct. Plaintiff received no response to his grievances, and he requested grievance forms that he never received.

At an unspecified time, plaintiff was taken to the prison infirmary to consult with a hand specialist. The specialist discussed performing surgery. "The very next day" plaintiff told McKinney and Larkin he wanted the surgery, and he "was told that if he dropped three (3) complaints" he would get it. Plaintiff filed grievances.

In August of 2017, Nickelson approached plaintiff's cell and told him he was not wanted at PCC, and would be transferred. "On or about August 17, 2017, plaintiff received a retaliatory transfer" to JCCC. Upon arrival, he complained about the pain in his finger, and was taken to the infirmary. He told the doctor he wanted surgery, and "that was when he became aware that his medical records had been falsified by the medical staff at PCC to say plaintiff never requested surgery." Plaintiff alleges that, "due to the policies and customs of Defendant Corizon, Inc., various contracted medical practitioners have subjected him to deliberate indifference to his medical needs." Plaintiff alleges he is being denied surgery as of the date of the amended complaint, and states he has difficulties performing activities of daily living.

## Discussion

Plaintiff did not follow the instructions set forth in the Court's February 19, 2019 Memorandum and Order. First, plaintiff has persisted in improperly joining in this one lawsuit

---

[1] Plaintiff likely meant to identify the year as 2017, but he clearly wrote "March of 2007." (Docket No. 12 at 35).

3

17 defendants and his numerous claims against them. As the Court previously explained, plaintiff cannot assert, in a single lawsuit, claims against different defendants that are related to events arising out of different occurrences or transactions. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id*.

Plaintiff may, however, name a single defendant, and assert as many claims as he has against him or her. Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Additionally, plaintiff has again violated Rule 8 of the Federal Rules of Civil Procedure by filing an unnecessarily long pleading that contains a great deal of unnecessary information. This practice not only violates the Federal Rules of Civil Procedure, it obscures plaintiff's potentially viable claims. Plaintiff also often sets forth claims in a conclusory manner, and fails to allege facts showing how the named defendants were directly involved in or personally

4

responsible for specific violations of his rights. Finally, it appears plaintiff may intend to assert claims on behalf of persons other than himself, which is impermissible.

Because plaintiff is proceeding *pro se*, the Court will give him the opportunity to file a second amended complaint. Plaintiff is warned that the second amended complaint will replace the amended complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the second amended complaint on a court-provided form, and he must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff should type, or very neatly print, the second amended complaint.

In the "Caption" section of the second amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wants to sue. Plaintiff should also clearly indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[2] Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim. If plaintiff names a fictitious, or "Doe" defendant, he must allege sufficient facts to permit that person's identification following reasonable discovery. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant. As has

---

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

been explained in detail, plaintiff must follow the Federal Rules of Civil Procedure concerning joinder.

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall submit a second amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 9th day of July, 2019.

/s/ Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE