UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RODERICK DEWALT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-46-JCH |
| | ) | |
| PATRICK BRAUNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court for review pursuant to Rule 4(m) of the Federal Rules of

Civil Procedure. For the reasons explained below, defendant "Unknown Cain" will be dismissed

from this action, without prejudice.

**Background**

Plaintiff initiated this civil action on January 11, 2019 by filing a complaint against

several defendants, including one "Unknown Cain," a correctional officer employed by the

Missouri Department of Corrections. Plaintiff ultimately filed a second amended complaint, and

on April 16, 2020, the Court directed the Clerk to serve process upon certain defendants named

therein, including Cain.

The Clerk first attempted to serve process upon Cain via a service waiver agreement with

the Missouri Attorney General's Office, but on June 15, 2020 Assistant Attorney General Justin

Moore declined to waive service as to Cain because he was no longer employed by the Missouri

Department of Corrections. The Court ordered counsel to provide the Court with Cain's last

known address, and after counsel complied with that order, the Court directed the Clerk to

effectuate service of process at the address provided. However, on September 1, 2020, summons

was returned unexecuted. The return of service indicated that service was attempted on August 31, 2020, but that Cain no longer resided at the address provided.[1]

On September 2, 2020, the Court entered an order advising plaintiff of the requirements of Rule 4(m), and directing him to provide the Court with adequate information such that Cain could be served with process. The Court cautioned plaintiff that his failure to timely respond would result in the dismissal of Cain from this action, without prejudice. Plaintiff's response was due to the Court on September 23, 2020. To date, plaintiff has neither responded to the Court's order, nor sought additional time to do so.[2]

### Discussion

As noted in this Court's September 2, 2020 order, Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In the case at bar, it has been more than 90 days since plaintiff filed the second amended complaint naming Cain as a defendant, and notwithstanding the reasonable efforts to locate and serve him, he cannot be found and summons has been returned unexecuted. The Court has also

---

[1] A duplicate return of service with a copy of plaintiff's second amended complaint attached was filed on September 23, 2020. (ECF No. 44).

[2] On September 18, 2020, Assistant Attorney General Shannon Gamble filed an unsolicited notice accompanied by a sealed document providing an address for an Illinois resident named Virgil Cain. (ECF Nos. 42 and 43). Counsel averred she found the address on the Internet. She averred she had not had contact with the individual, that she did not know whether the individual was the same person who was previously employed by the Missouri Department of Corrections, and did not know whether the address provided was the individual's correct address. Because there was not sufficient information that the individual may indeed be the "Unknown Cain" identified by plaintiff, the Court did not order that the individual be served with process.

2

notified plaintiff of the requirements of Rule 4(m) and has given him the opportunity to provide information to allow Cain to be served with process, and cautioned that his failure to timely respond would result in the dismissal of Cain from this action. Nevertheless, plaintiff has made no attempt to provide information regarding Cain, or to provide a reason to extend the time for service. Based on the circumstances, the Court concludes that extension would be futile, and that defendant Unknown Cain should be dismissed from this action at this time, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that defendant "Unknown Cain" is **DISMISSED** from this action, without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 28th day of September, 2020.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE